JOHN DONALDSON v. JOHN COWEY.

APPEAL from the Parish Court of New Orleans. *Maurian,* J. *Collens,* for the plaintiff.

*Bartlette,* for the appellant.

GARLAND, J. This suit is brought to recover $500 damages, which the plaintiff alleges he has sustained in consequence of the unfaithfulness and want of skill of the defendant, in plastering several houses in this city on Villeré street. A person named Daley was made a garnishee, who confessed that he had some assets of the defendant's in his hands. The answer contains an exception, that all the matters in controversy have been adjudicated, in a suit between Daley and the plaintiff, in the City Court of New Orleans, a general denial, and a plea of prescription. There was a judgment in favor of the plaintiff, and the defendant has appealed.

It appears from the mass of testimony in the record, which is contradictory in many respects, that the plaintiff, in the month of January, 1838, employed the defendant to plaster a block of buildings, one hundred and fifty-six feet long by thirty-eight feet in depth, for which the former was to pay the latter at the rate of forty cents per yard. The quality of the materials to be used, is not proved. The buildings are framed of wood, and lathed and plastered inside and outside. The work was executed in the months of January and February, in the year, 1838, and the whole value of it was between eleven and twelve hundred dollars. The plaintiff was himself the builder of the houses, and was daily about them while the defendant was at work, and saw what he was doing. No complaint was made then, as to the quality of the materials used, or the unfaithfulness of the work. When it was completed, the parties had a settlement, the work was received, a sum of money was paid to the defendant, and two notes given for the balance owing, one of which was paid by a person named Walker, to whom the houses belonged, or who had an interest in them. (For the particulars in relation to that interest, see the case of *Donaldson* v. *Walker,* 7 Rob. 329.) Walker, in his testimony,

says, that he was the owner of the buildings on which the work was done; that Donaldson was the builder for him; and that in settling with him, (Donaldson,) nothing has ever been deducted or claimed for bad workmanship in the plastering. A number of witnesses swear, that the work was not well done, and that bad materials were used; as many say directly the reverse. The ground of complaint is, that river sand was used in place of sharp sand, and that not enough hair was put into the mortar. The witnesses for the defendant say that, as it does not appear what kind of sand was to be used, they can only judge what materials were to be used from the price given for the work, and that it was so small, that it could not be expected that the best materials were to be used. All the witnesses state, that some of the plastering peeled off the outside of the buildings; and Walker states that, up to the time of giving his testimony, it had cost about $80 to replace it. This was about three years after it was finished. The witnesses for the plaintiff state, that the plastering on the body of the houses in the rear is loose, and that to take it off and replace it anew, would be worth from three to five hundred dollars; some few say more. The witnesses for the defendant say, that as the plastering was put on in the winter season, it would peel off on the outside, and no workman would warrant its standing, unless he was paid a sufficient price to induce him to use the best materials, and to do the work in an extra manner. The defendant soon after he completed the work, left the country, and returned to Ireland. He left the note of the plaintiff with Daley, the garnishee, to collect it, as agent, and for that purpose endorsed it. The note was protested at maturity; and, in May, 1840, more than two years after it was given, a suit was commenced on it in the City Court by Daley. To this demand Donaldson answered, that the note was not Daley's, but was in fact the property of the present defendant, and that it had been transferred, to prevent him, Donaldson, from making a good and equitable defence which he had. He then averred that, the consideration had failed, as it was given for plastering; that the work turned out badly, and was unfaithfully executed; and that he was not bound to pay for it. Upon the trial of this cause, there was a judgment against Donaldson; but the portions of the record now

before us, do not enable us to say precisely on what grounds, although the judge in his judgment says, " that Donaldson has failed to prove the want of consideration," wherefore he gives judgment against him.  It was after this, that the present suit was commenced.

The exception of *res judicata* does not appear to have been decided on by the judge below ; and, as the evidence before us in relation to it is vague and doubtful, we shall pass it over, as we are satisfied, upon the merits, that the plaintiff ought not to recover, and that this demand is an afterthought, got up for the purpose of defence, when the holder of the note given to the defendant was pressing for its payment.  The plaintiff does not allege that the houses on which the plastering was done, belong to him, nor is it proved.  On the contrary, Walker swears they were his, and that the plaintiff was the builder, and that he has never claimed any thing as a deduction for the bad work.  The work was executed under the eyes of the plaintiff; he is a workman himself, and was then engaged in putting up the houses in question.  The work was received, a settlement made, and no complaint for more than two years, until the workman had left the country, and his agent was pressing for payment of the note.  The judge of the Parish Court expresses some doubts as to the measure of damages, as the statements of the witnesses are widely different ; and he therefore says, that he will allow only half of what is asked.  The case was not tried by a jury.  From the record it is fair to presume, that the statements of a number of the witnesses were not made in the presence of the judge, but were taken down out of his presence.  Upon a full review of all the evidence, we think the law and equity of the case are with the defendant.

The judgment of the Parish Court is therefore reversed, and ours is for the defendant, with costs in both courts.